## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHNDY ANDERSON,                    )
                         Petitioner,     )
v.                                  )          Case No. CIV-06-634-L
                                    )
JUSTIN JONES,                       )
                         Respondent.  )

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ."  "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006).  Based on this Court's initial review of the Petition, the Petition is untimely filed and should be summarily dismissed.

## I.    Background

On June 17, 2004, Petitioner was convicted in Oklahoma state court of Robbery with a Dangerous Weapon, After Former Conviction of Two or More Felonies, and was sentenced to 20 years imprisonment.  The Oklahoma Court of Criminal Appeals affirmed the conviction

on February 4, 2005.  Petitioner did not seek post-conviction relief in the state courts.

Petitioner filed this federal habeas action on June 12, 2006.

## II.    **Analysis**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) took effect, significantly amending the habeas corpus statutes. One such

amendment imposed a one-year limitation on a state prisoner's right to bring a federal habeas

action, generally running from the date the prisoner's conviction became final. *See* 28 U.S.C.

§ 2244(d)(1)(A).[1] The one-year limitation is to be tolled, however, during the time that a

"properly filed" post-conviction proceeding is pending in state court. *See id.*, § 2244(d)(2).[2]

A conviction in the state courts of Oklahoma becomes final on the date the OCCA

affirms the conviction, and the one-year statute of limitations begins to run from the date the

Supreme Court has denied review of a petition for writ of certiorari, or if no petition is filed,

after the ninety-day period for filing the petition for writ of certiorari has expired.  *Locke v.*

*Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

As set forth, the OCCA affirmed Petitioner's conviction on February 4, 2005.

Petitioner then had ninety days from that date to file a petition for writ of certiorari in the

United States Supreme Court.  *See* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the Supreme

Court of the United States.  Petitioner did not seek review in the United States Supreme

---

[1]None of the alternative circumstances described in section 2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

[2]Petitioner is not entitled to statutory tolling of the limitations period pursuant to section 2244(d)(2), as he did not seek post-conviction relief in the state courts.

Court.  Therefore, his conviction became final on May 5, 2005, ninety days after the date the OCCA entered its order affirming the conviction.[3]  Petitioner had until May 5, 2006, within which to timely file a federal habeas petition.  *See* 28 U.S.C. § 2244(d); *see also United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event).  The instant action, filed on June 12, 2006, is untimely pursuant to § 2244(d)(1)(A), absent equitable tolling.

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances."  *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).  "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."  *Burger*, 317 F.3d at 1141 (*citing Gibson*).  But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

---

[3]Petitioner alleges mandate issued on March 8, 2005, and that he had twenty days thereafter within which he could have (but did not) file a petition for rehearing.  Therefore, Petitioner contends his conviction did not become final until March 28, 2005.  Petitioner contends he had ninety days from that date, or until June 28, 2005, to seek relief in the United States Supreme Court.  Petitioner is incorrect, however, because the ninety-day period begins to run from the filing of the OCCA opinion rather than issuance of the mandate.  United States Supreme Court Rule 13.3 states: "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."  Rule 13.3, Rules of the Supreme Court of the United States.

Petitioner alleges he did not receive the OCCA's order affirming his conviction, file-stamped February 4, 2005, until April 7, 2005.  *See* Petition at 13, ¶ 18.  To the extent Petitioner claims principles of equitable tolling should apply based on his alleged delayed receipt of the OCCA's affirmance of his conviction, his claim lacks merit.  As set forth above, the ninety days during which a writ of certiorari can be filed in the United States Supreme Court are included in determining when a conviction becomes final.  *See Locke v. Saffle*, 237 F.3d at 1273.  Those ninety days did not expire until May 5, 2005, and therefore, there was nothing to toll prior to that date.  *Compare Weibley v. Kaiser*, No. 02-5063, 2002 WL 31478974 at *2 n. 2 (10th Cir. Nov. 6, 2002) (unpublished op.)[4] (noting that no tolling of the limitations period can take place prior to expiration of ninety-day period for seeking certiorari review in the United States Supreme Court).  Petitioner has failed to allege any additional facts to demonstrate the requisite rare and exceptional circumstances that must be present for principles of equitable tolling to apply.

---

[4]This unpublished opinion is cited for its persuasive value in accordance with 10th Cir. R. 36.3(B).

## RECOMMENDATION

It is recommended that the Petition be summarily dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by August __2nd__, 2006. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __13th__ day of July, 2006.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE