IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNDY ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-06-634-L |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This matter is before the court for review of the Report and Recommendation entered by the Honorable Valerie K. Couch on July 13, 2006, recommending that the Petition for Writ of Habeas Corpus be dismissed as untimely. In his timely filed objections,[1] petitioner argues Judge Couch erred in finding that his conviction became final on February 4, 2005 when the Oklahoma Court of Criminal Appeals affirmed his conviction. He contends his conviction became final on June 8, 2005,

---

[1]On August 3, 2006, petitioner filed an incomplete document entitled Motion for Extension of Time. The motion sought additional time for petitioner to file his objections to the Report and Recommendation, which were due on August 2, 2006. Petitioner's objections were received by the Clerk on August 3, 2006, and filed that date. The prison mailbox rule provides that a filing will be considered timely if given to prison officials for mailing prior to the filing deadline. Marsh v. Soares, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000), *cert. denied* 531 U.S. 1194 (2001). A petitioner may establish compliance with the prison mailbox rule in one of two ways. "First, 'if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule.'" Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005) (*quoting* United States v. Ceballos-Martinez, 387 F.3d 1140, 1444 (10th Cir.), *cert. denied*, 543 U.S. 1005 (2004)). If there is no legal mail system or it is inadequate, petitioner must demonstrate timely filing by a declaration or notarized statement. The declaration must comply with 28 U.S.C. § 1746 and must state the "date of deposit with prison officials and attest that first-class postage was pre-paid." Ceballos-Martinez, 387 F.3d at 1143. Petitioner has established compliance with the prison mailbox rule. His objections are therefore deemed filed as of July 31, 2006, making his motion for extension moot.

ninety days after the mandate issued from Oklahoma Court of Criminal Appeals. He claims that, under the prison mailbox rule, his Petition should be deemed filed as of June 8, 2006, and thus was timely filed. In the alternative, he contends he is entitled to equitable tolling.

Pursuant to 28 U.S.C. § 636(b), the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In accordance with this mandate, the court has reviewed the Report and Recommendation, petitioner's objections thereto and the case file. Based on this review, the court concludes the Report and Recommendation should be approved and adopted in its entirety. Judge Couch correctly determined that petitioner's claim is time-barred and that he is not entitled to equitable tolling. Contrary to petitioner's contention, the ninety-day period for seeking Supreme Court review begins to run from the date the Oklahoma Court of Criminal Appeals entered its order affirming his conviction, not from the date the mandate issued. Petitioner therefore had until May 5, 2006 to file his federal habeas petition. Thus, whether the court deems the Petition filed as of June 8, 2006 or uses the filing date of June 12, 2006, the Petition is untimely. Moreover, the court finds petitioner is not entitled to equitable tolling, which is limited "to 'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003) (*quoting* Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient.

Burger, 317 F.3d at 1141-42 (*quoting* Gibson, 232 F.3d at 808). Furthermore, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001). Judge Couch correctly found that petitioner could not satisfy the requirements for equitable tolling.

In sum, petitioner's Motion for Extension of Time (Doc. No. 9) is DENIED as moot. The Report and Recommendation (Doc. No. 8) is approved and adopted in its entirety. The Petition for Writ of Habeas Corpus (Doc. No. 1) is dismissed as untimely. Judgment will issue accordingly.

It is so ordered this 11th day of August, 2006.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge